IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DON MILES, SR. #237 629 | * | |
| Petitioner, | * | |
| v. | * | 2:09-CV-1095-ID |
| | | (WO) |
| LOUIS BOYD, WARDEN *et al.*, | * | |
| Respondents. | * | |

**ORDER**

On November 28, 2009 Petitioner Don Miles, Sr., an inmate incarcerated at the Easterling Correctional Facility located in Clio, Alabama, filed this 28 U.S.C. § 2254 petition for habeas corpus relief. Petitioner challenges his conviction, pursuant to his guilty plea, to theft by fraudulent leasing entered against him by the Circuit Court for Elmore County, Alabama, on December 17, 2007.[1] On March 24, 2008 the trial court sentenced Petitioner to fifteen years imprisonment, split to serve nine months, followed by a four year probationary term. Petitioner did not appeal his conviction. On November 18, 2008 the trial court revoked Petitioner's probation and imposed his base sentence. Petitioner did not appeal the revocation of his probation. Petitioner's 2007 conviction became final by operation of law on May 5, 2008.

---

[1] The court understands the instant petition as seeking to challenge Petitioner's December 2007 conviction for theft by fraudulent leasing for which he was sentenced in March 2008. If, in fact, Petitioner seeks to challenge the revocation of his probation which occurred in November 2008, he shall so advise the court on or before the response date required by the instant order.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Petitioner's conviction became final in May 2008 -- **after** the effective date of the statute of limitations -- Petitioner must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents maintain that Petitioner failed to file a state post-conviction action challenging his conviction and, thus, there was no statutory tolling of the limitation period. Accordingly, Petitioner's conviction became final on May 5, 2008, and as no Rule 32 petition was filed which operated to toll the limitation period, the latest Petitioner could have filed a timely habeas petition challenging his conviction for theft by fraudulent leasing was May 5, 2009. (*Doc. No. 9*.)

Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner entered a guilty plea to theft by fraudulent leasing in the Circuit Court for Elmore County, Alabama, on December 17, 2007. The trial court

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

imposed sentence on Petitioner on March 24, 2008. Petitioner did not file a direct appeal of his conviction or sentence. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, Petitioner's conviction became final on May 5, 2008 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date. Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Petitioner failed to file a state post-conviction petition challenging his conviction. Consequently, the time allowed Petitioner for the filing of a federal habeas petition expired on May 5, 2009.

The instant application for federal habeas corpus relief was filed on November 28, 2009. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before January 28, 2010 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 7th day of January 2010.

                        /s/ Susan Russ Walker
                        SUSAN RUSS WALKER
                        CHIEF UNITED STATES MAGISTRATE JUDGE